UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 5 2004

Michael N. Milby, Clerk of Court

| | |
|---|---|
| DIRECTV, INC. § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. B-03-163 |
| § | |
| JOEL LOPEZ and CARLOS MARTINEZ, § | |
| Defendants. § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE REGARDING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND DEFAULT JUDGEMENT AGAINST JOEL LOPEZ

Directv filed a lawsuit against Defendant Joel Lopez for alleged violations of 47 U.S.C. § 605(a) and (e)(4), violations of 18 U.S.C. §§ 2511 and 2512, and for civil conversion relating to the use and possession of pirated devices designed for the interception of Directv broadcasts. Defendant was served with a copy of Directv's complaint and summons on October 18, 2003. Proof of service was filed on January 14, 2004 (Docket No. 6). Defendant has not filed a responsive pleading or otherwise acted to defend the lawsuit. As a result, Directv has moved for judgment by default pursuant to Rule 55 of the Federal Rules of Civil Procedure (Docket No. 7). For the following reasons, the Court recommends that Plaintiff's request for entry of default and default judgment against Joel Lopez be GRANTED.

### STANDARD

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. FED. R. CIV. P. 55(a). The court may enter a default judgment, and any party entitled to such a judgment shall apply to the court therefore. FED. R. CIV. P. 55(b)(2). A

party is subject to a Rule 55 motion for default judgment when it fails to plead or otherwise respond to a complaint within the required period of time. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

Defendants, by their default, admit any well pled allegations of fact, except those relating to the amount of damages; furthermore, a judgment by default is generally treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded. *Caterpillar Financial Services Corp. v. Lindsey*, 218 F.R.D. 145, 148 (S.D. Tex. 2003) (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 525 n.29 (5th Cir. 2002)). A party is not entitled to a default judgment as a matter of right, even if the defending party is technically in default. *Id.* (citing *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)). Defaults are left to the sound discretion of the Court and must be supported by affidavit, proof that notice was provided, and indicia of failure to appear. *Id.* (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 983 (5th Cir. 1998)).

## DIRECTV'S REQUESTED RELIEF

As noted earlier, this lawsuit involves alleged violations of 47 U.S.C. § 605, 18 U.S.C. §§ 2511 and 2512, and state law relating to conversion. In the motion currently being considered, Directv specifically avers that: (1) Defendant violated 47 U.S.C. § 605(e)(4) by modifying or assembling devices primarily of assistance in the unauthorized decryption of satellite programming; and (2) that Defendant violated 18 U.S.C. § 2512(1)(b) by assembling or possessing at least one device shipped to Defendant via the mail knowing that said device was primarily useful for surreptitious interception of Directv's wire and electronic communications (Docket No. 7 at pages 2-3). Based on Defendant's conduct, Directv suggests it is entitled to a minimum statutory award of $10,000.00.

As a basis for its claim for damages, Directv points to 47 U.S.C. § 605(e)(3), which directs a recovery of not less than $10,000.00 and not more than $100,000.00 for a violation of that section, along with mandatory recovery of full costs and attorneys' fees. *See* 47 U.S.C. § 605(e)(2)(C)(i)(II) and (e)(3)(B)(iii). In addition, Directv calls the Court's attention to 18 U.S.C. § 2520, a statute providing civil liability for certain violations of the "Surreptitious Interception Act" which includes 18 U.S.C. § 2512. That section provides for statutory damages of whichever is greater, $100.00 per day for each violation or $10,000.00, along with reasonable attorneys' fees and costs, and punitive damages in appropriate cases. *See* 47 U.S.C. § 605(e)(4)(2)(B), (b)(3) and (b)(2).

Given the above statutory provisions, Direct alleges it is entitled to receive statutory damages, as determined by the Court, in the amount of:

> not less than $10,000 and no more than $100,000 for the properly pled violation of 47 U.S.C. § 605(e)(4); or
>
> full statutory damages in amounting to no less than $10,000 for each properly pled violation of 18 U.S.C. § 2512.

*See* Docket No. 7 at pages 3-4.

In addition, Directv requests costs in the amount of $150.00 and reasonable attorneys' fees in the amount of $250, as set forth in an accompanying exhibit affidavit, along with post judgment interest. *See id.* at page 4; *see also id.* at Exhibit A (affidavit of Lecia Chaney in support of default).

Lastly, Directv seeks injunctive relief as provided under the Communications Act and the Surreptitious Interception Act. *See* 47 U.S.C. § 605(e)(3)(B)(i); 18 U.S.C. § 2520(b)(1).

## ANALYSIS

3

*A. Availability of Civil Causes of Action for Violations of 18 U.S.C. § 2512.*

As an initial matter, the Court would like to clarify the scope of civil remedies available for violations of 18 U.S.C. § 2512. The issue has been hotly debated recently, and given that Directv's motion for default judgment is in large part based on that statute, it would seem to require that the issue be addressed.

18 U.S.C. § 2512 provides a criminal penalty for anyone who intentionally "manufactures, assembles, possesses, or sells any electronic, mechanical, or other device knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce." Pursuant to 18 U.S.C. § 2520, "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."[1]

The citation to "this chapter" found in § 2520 refers to Chapter 119, which includes § 2512 as well as all other sections from 2510 through 2522. Therefore § 2520 provides a private cause of action for violations of § 2512 for someone whose communications have been intercepted, disclosed, or intentionally used.[2] However, this is not to say that mere possession of

---

[1] There is a narrow exception, not applicable to this case, relating to court ordered interceptions of communications. *See* 18 U.S.C. § 2520; 18 U.S.C. § 2511(2)(a)(ii).

[2] While the issue has not been directly addressed by the Fifth Circuit, many courts have held that, to the extent a plaintiff alleges that its communications were intercepted, disclosed, or intentionally used in violation of Chapter 119, a plaintiff has a cause of action for conduct that allegedly violates § 2512. *See, e.g., DIRECTV, Inc. v. Perez*, 279 F.Supp.2d 962 (N.D.Ill. 2003);

pirating equipment is enough itself to support a private cause of action –though it may establish a violation of the criminal statute– because § 2520 only gives a cause of action to those whose protected communications have been intercepted, disclosed, or intentionally used. *See, e.g., DIRECTV, Inc. v. Childers*, 274 F.Supp.2d 1287 (M.D. Ala. 2003).

In the motion for default judgment herein being considered, Directv couches its arguments in terms of a violation of § 2512 based on the defendant's possession of a pirated device. As discussed above, there is no civil cause of action for mere possession of a pirated device; in other words, simply violating § 2512 is not enough to engender a civil cause of action. The Plaintiff must also allege that its protected communications have been intercepted, disclosed, or intentionally used in order to state a claim under § 2512.

Though Directv's motion is based primarily on the defendant's violation of § 2512, the motion does state that Directv's suit was in part based on § 2511. In addition, Directv's complaint specifically states a cause of action based on § 2511, which involves the interception of electronic communications (Docket No. 1, at Count 2 (no page numbers)). In other words, Directv **has** alleged that the Defendant intentionally intercepted its protected electronic communications, and therefore can state –and has stated– a cause of action under § 2512.

B. *Discussion of the Plaintiff's Motion.*

A review of the case file reflects that service of process was secured through the

---

*DIRECTV, Inc. v. Gatsiolis*, __ F.Supp.2d __, 2003 WL 22111097 (N.D.Ill. Sept. 10, 2003); *DIRECTV, Inc. v. Cardona*, 275 F.Supp.2d 1357 (M.D.Fla 2003); *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F.Supp.2d 1077,1084 (C.D.Ca. 2002); *Oceanic Cablevision, Inc. v. M.D. Electronics*, 771 F.Supp. 1019, 1022 (D.Neb. 1991).

effectuation of personal service upon Defendant Joel Lopez (Docket No. 6). In addition, in its complaint, Plaintiff properly alleges various causes of action relating to the possession and use of devices primarily intended to intercept Directv's protected broadcast signals, including violations of 47 U.S.C. § 605(e)(4) and 18 U.S.C. § 2512(1)(b). Furthermore, it is clear that Defendant Lopez, despite knowledge of the claims against him, has failed to answer or otherwise respond to Directv's allegations. Defendant Lopez's default is therefore an admission to those facts supporting Directv's claims. *See Jackson*, 302 F.3d at 525 n.29; *Caterpillar Financial Services Corp.*, 218 F.R.D. at 148.  Finally, an affidavit has been made indicating that the defendant was not in military service. *See* Docket No. 7, Exhibit A (affidavit of Lecia Chaney in support of default); *see also* 50 App. U.S.C.A. § 521. Accordingly, Plaintiff is entitled to: (1) entry of default with the clerk of this court, (2) the statutory damages and other relief set out below, and (3) entry of default judgment.

## RECOMMENDATION

It is RECOMMENDED that Directv's Request for Entry of Default and Default Judgment Against Joel Lopez (Docket No. 7) be GRANTED and that Defendant Lopez be found in Default. It is further RECOMMENDED that default Judgment be entered in Directv's favor, and that the following relief be effectuated:

> (1) Directv should be awarded statutory damages in the amount of ten thousand dollars ($10,000.00), plus costs in the amount of one-hundred and fifty dollars ($150.00), attorneys' fees in the amount of two-hundred and fifty dollars ($250.00), and post-judgment interest.

> (2) Defendant Lopez should be permanently enjoined from committing any violation of 47 U.S.C. § 605, 18 U.S.C. § 2511, or 18 U.S.C. § 2512.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, this 15th day of March, 2004.

_____
Felix Recio
United States Magistrate Judge